**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NATALIA VAINSHTEIN,** | * | |
| **Appellant,** | * | |
| **v.** | * | **Civ. No. DLB-25-2704** |
| **STEPHANIE ANN OLSZEWSKI,** | * | |
| **Appellee.** | * | |

**MEMORANDUM OPINION**

In a February 25, 2025 order, the U.S. Bankruptcy Court for the District of Maryland granted summary judgment in favor of debtor Stephanie Ann Olszewski and against creditor Natalia Vainshtein. Vainshtein asked the bankruptcy court to reconsider the grant of summary judgment three times, without success. On July 18, 2025, the bankruptcy court denied Vainshtein's third motion for reconsideration.

Vainshtein filed a notice of appeal of the July 18 bankruptcy court order on July 24, 2025. The Court interpreted her appeal as an appeal of the order granting summary judgment because Vainshtein's arguments on appeal focused almost exclusively on the propriety of granting summary judgment. On December 5, 2025, this Court dismissed Vainshtein's appeal for lack of subject matter jurisdiction because the Court construed her appeal as an appeal of the order granting summary judgment, and so construed, the appeal was untimely.

On December 19, 2025, Vainshtein filed a Rule 59(e) motion to alter or amend this Court's December 5 order dismissing her appeal as untimely. The motion for reconsideration of the December 5 order is granted. Vainshtein's appeal of the July 18 bankruptcy court order was timely, and the order dismissing her appeal is vacated. Turning to the merits of Vainshtein's appeal, the

Court affirms the bankruptcy court's July 18 order because the bankruptcy court did not abuse its discretion when it denied her Rule 59(e) and 60(b) motions.

## I. Background

### A. Bankruptcy proceedings

On June 9, 2023, Olszewski filed a voluntary Chapter 7 bankruptcy petition, along with a schedule that listed a disputed debt of $0.00 to Vainshtein. ECF 1-1, at 2; *In re Olszewski*, Ch. 7 Case No. 23-14071-LSS (Bankr. D. Md. filed June 9, 2023). Vainshtein filed a complaint in bankruptcy court, asserting the debt was non-dischargeable. ECF 1-1, at 2; *Vainshtein v. Olszewski* (*In re Olszewski*), Ch. 7 Case No. 23-14071-LSS, Adv. No. 23-00308 (Bankr. D. Md. filed Dec. 15, 2023) ("*Vainshtein*"). The bankruptcy court entered a scheduling order in the adversary proceeding, and Vainshtein sought an extension of time while she retained counsel. ECF 1-1, at 2. The court stated it would grant the extension only if Vainshtein retained counsel within a month, and when she did not, it denied the motion. *Id.* Vainshtein moved again to extend the discovery deadlines and to compel discovery, and the court granted the motions. ECF 1-1, at 2–3.

Olszewski later moved for summary judgment. ECF 5-41. On February 4, 2025, the bankruptcy court scheduled a hearing on the motion for February 24, 2025. ECF 1-2, at 7; ECF 53 in *Vainshtein*. The court notified Vainshtein about the hearing by first class mail on February 6, 2025. ECF 1-2, at 7; ECF 54 in *Vainshtein*. On February 7, Vainshtein retained counsel, ECF 5-50, at 1, and on February 14, she filed an opposition to the summary judgment motion, ECF 5-46. But neither Vainshtein nor her attorney appeared at the February 24 hearing, ECF 1-1, at 3. On February 25, the bankruptcy court granted summary judgment in favor of Olszewski. ECF 5-49.

**1. First motion for reconsideration**

On February 28, Vainshtein filed a motion for reconsideration of the summary judgment order, citing Rule 60(b) and arguing that neither she nor her attorney knew about the motions hearing.[1] ECF 5-50, at 1–2. Vainshtein filed a second motion to compel discovery on April 18. ECF 5-61. On May 12, the bankruptcy court held a hearing on Vainshtein's motion for reconsideration, ECF 5-70, and on June 16, the court denied the motion in an oral ruling, ECF 5-76.

On June 17, Vainshtein filed two supplements in support of her request for reconsideration. ECF 5-71 & 5-72. In the first supplement, Vainshtein asked the court to reconsider its oral ruling granting summary judgment as "premature under Rule 56(d)" because the court ruled on the summary judgment motion before ruling on her second motion to compel discovery of "documents . . . essential to resolving material factual disputes" and because the discovery would have provided evidence necessary to defeat summary judgment. ECF 5-71, at 1–3. Vainshtein also argued that, in her opposition to summary judgment, she identified material facts in dispute that should have precluded summary judgment. *Id.* at 4. Additionally, she contended that the court should have considered, when deciding the summary judgment motion, the exhibits she filed before the hearing because Olszewski never objected to them. *Id.* In the second supplement, Vainshtein argued that there was a dispute of material fact about the enforceability of the parties' prior settlement agreement. ECF 5-72, at 1–2. Vainshtein argued that Olszewski fraudulently

[1] Bankruptcy Rule 9023 incorporates Rule 59(e), and Bankruptcy Rule 9024 incorporates Rule 60(b). For simplicity, the Court refers to Vainshtein's motions filed in bankruptcy court as Rule 59(e) and 60(b) motions, as Vainshtein did when she filed them and as the bankruptcy court did when it considered them.

induced her into entering into the settlement agreement when Olszewski "did not intend to carry out the purpose of the Agreement[.]" *Id.* at 2.

On June 17, the bankruptcy court entered a written order denying Vainshtein's motion for reconsideration for the reasons the court stated in its oral ruling on the record the previous day. ECF 5-77. The court also entered an order denying Vainshtein's second motion to compel discovery as moot because it was filed after the court granted summary judgment to Olszewski. ECF 5-78. The same day, the court struck Vainshtein's two supplemental filings "as impertinent, untimely, and frivolous" because they were filed "more than a month after the [May 12] hearing on the Motion to Reconsider and the day after the Court issued its oral ruling denying the Motion to Reconsider" and because Vainshtein based her arguments primarily on the court's denial of the second motion to compel discovery, which was not filed until after the court granted summary judgment to Olszewski. ECF 5-79.

**2. Second motion for reconsideration**

On July 1, Vainshtein filed another motion for reconsideration. This time, she filed a motion to alter or amend the June 17 order under Rule 59(e) or, in the alterative, for relief under Rule 60(b). ECF 5-80, at 1. Vainshtein made several arguments under Rule 59(e). She argued there were "unresolved discovery issues"; "material factual disputes"; "procedural errors that denied [her] a fair opportunity to be heard," including the bankruptcy court's failure to consider at the hearing on her motion for reconsideration the exhibits she filed with her opposition to Olszewski's summary judgment motion; and "attorney error, including counsel's failure to appear at a dispositive hearing [and] failure to raise discovery issues in briefing or at the hearing, and failure to cite Rule 56(d) case law." ECF 5-80, at 2, 4–5. Vainshtein also insisted that the court erred in relying on the settlement agreement that she contends she was fraudulently induced to sign. *Id.* at

2, 6–8. Under Rule 60(b)(1) and (6), Vainshtein sought relief "based on attorney error and extraordinary circumstances." *Id.* at 2.

On July 8, the bankruptcy court struck the motion because Vainshtein filed it without the assistance of counsel and her attorney had not yet withdrawn her appearance. ECF 5-83.

**3. Third motion for reconsideration**

On July 14, Vainshtein's counsel entered a line withdrawing her appearance. ECF 5-84. The next day, Vainshtein, without counsel, filed her third motion for reconsideration—a motion to vacate under Rules 59(e) and 60(b). ECF 5-89. Vainshtein asked the bankruptcy court to vacate its July 8 order striking the July 1 motion and to allow her to refile it. *Id.* at 1. She argued that when she filed the July 1 motion, she believed her counsel already had withdrawn her appearance. *Id.* at 1–2. Vainshtein restated the contents of her July 1 motion in her July 15 motion. *Id.* at 3–10.

On July 18, the bankruptcy court denied the request to vacate the July 8 order striking the July 1 motion, but the court considered the arguments in the stricken motion that Vainshtein restated in her July 15 *pro se* motion. ECF 1-1, at 5. Upon consideration of Vainshtein's motion to alter or amend the June 17 order, the court found that Vainshtein had not met the threshold requirement of showing "a meritorious defense to the Motion for Summary Judgment" or "establish[ed] grounds for relief from the Order Granting Summary Judg[]ment." *Id.* at 7. Vainshtein was not entitled to relief from the June 17 order under Rule 59(e) or 60(b) due to "unresolved discovery issues" because she did not raise the discovery issues before the discovery deadline or "prior to or in connection with her response to the Motion for Summary Judgment." *Id.* And Vainshtein could not blame counsel for the failure because "the extended, firm deadline for completion of discovery passed well before [Vainshtein] obtained counsel." *Id.* For a similar reason, the court rejected Vainshtein's argument that the court should not have relied on the

settlement agreement as evidence that Olszewski did not owe Vainshtein a debt because Vainshtein did not argue in her opposition to summary judgment that she was fraudulently induced to sign the settlement agreement. *Id.* at 7–8. And the court rejected Vainshtein's argument that, at the hearing on the motion to reconsider, it erred by not considering the exhibits Vainshtein had filed with her opposition to summary judgment. *Id.* at 8. As the court explained, when it stated there was a "lack of evidence," it was referring to evidence in support of Vainshtein's "excuses for failing to appear at the February 24, 2025, hearing on the Motion for Summary Judgment," and "anything attached to Plaintiff's Opposition to the Motion for Summary Judgment would have no bearing on Plaintiff's failure to appear at that hearing." *Id.* And the court noted that neither the Local Rule that Vainshtein cited "nor any other procedural or evidentiary rule provides for the admission into evidence by default of documents attached to a motion or response." *Id.* Finally, the court rejected Vainshtein's attempts to blame her attorney because Vainshtein herself was not blameless. *Id.* at 9. And the court further held that, even if Vainshtein's attorney had failed to raise discovery issues in connection with the motion for reconsideration, no discovery would have been "relevant to the Motion to Reconsider because [none] was . . . raised in connection with the Motion for Summary Judgment," and, in any event, Vainshtein had not identified "any facts that would have led the Court to grant [her] additional time for discovery." *Id.* In sum, the court concluded in its July 18 order that Vainshtein "failed to allege facts which would support her request for relief under either Fed. R. Civ. P. 59(e) or 60(b)," because she only "[sought] to raise arguments that could have been raised prior to the entry of summary judgment" and reconsideration would unfairly prejudice Olszewski. *Id.* at 10.

### B. Appeal of Bankruptcy Court's July 18 Order

On July 24, Vainshtein filed a notice of appeal of the bankruptcy court's July 18 order. ECF 1. Olszewski moved to dismiss the appeal because it was untimely. ECF 14-1, at 5. The Court concluded that the appeal was filed too late and dismissed it without prejudice. ECF 31. In so doing, the Court found that Vainshtein had until July 1 (14 days after the bankruptcy court's June 17 denial of Vainshtein's February 28 motion for reconsideration of the February 25, 2025 order granting summary judgment to Olszewski) to appeal the judgment, but she did not file a notice of appeal until July 24. *Id.* at 3. The Court determined that "Vainshtein's July 1 motion to alter or amend the February 25 Order and her July 15 motion to vacate the July 8 Order—which functionally were Vainshtein's second and third Rule 59(e) motions—did not again restart the period for filing a notice of appeal." *Id.* at 4.

Vainshtein filed the pending motion for reconsideration of this Court's order dismissing her appeal. ECF 32. Olszewski filed an opposition, ECF 33, and Vainshtein filed a reply, ECF 34. Vainshtein also filed a motion to exceed the Bankruptcy Rules' word limit on her motion for reconsideration, ECF 35, which is granted.

## II. Standard of Review

Vainshtein filed her motion for reconsideration of this Court's December 5, 2025 Order pursuant to Rule 59(e). Rule 59(e) is not the proper vehicle for her motion; Bankruptcy Rule 8022 is. *See Reynolds v. Md. Dep't of Lab., Licensing & Regul.*, No. ELH-17-3158, 2018 WL 5045192, at *1 & n.1 (D. Md. Oct. 16, 2018) (observing that Rule 59(e) does not apply "'to a district court sitting as a bankruptcy appellate court'" and that "every reported federal appellate decision to have [considered the issue] has concluded that Bankruptcy Rule 8022 'provides the sole mechanism for filing a motion for rehearing from a final order of the district court sitting in its capacity' as a

bankruptcy appellate court") (quoting *In re Bli Farms, P'ship*, 465 F.3d 654, 658 (6th Cir. 2006) (citation modified)).

Bankruptcy Rule 8022 permits a movant to file a "motion for rehearing" when "the movant believes the district court . . . has overlooked or misapprehended" a "point of law or fact." Fed. R. Bankr. P. 8022(a)(2). Yet "Rule 8022 is silent as to the appropriate standard for granting a rehearing, and the Fourth Circuit has not designated a standard." *In re Hoang*, No. DKC-18-443, 2019 WL 1958564, at *2 (D. Md. May 2, 2019). Some courts "have applied the test traditionally used to evaluate motions for reconsideration" under Rule 59(e), while others "have found that 'because Rule 8015 [now 8022] was derived from Fed. R. App. P. 40, it is appropriate to look to the appellate rule for guidance." *In re Zegeye*, No. DKC-04-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005); *see Kelly v. Schlossberg*, No. PX-17-3847, 2018 WL 4357486, at *2 (D. Md. Sept. 12, 2018) (collecting cases and noting the Rule 59(e) standard "is appropriate" on a Rule 8022 motion). Appellate Rule 40 directs, in relevant part, that a petition for rehearing must "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(b)(1)(A). These criteria were incorporated into Bankruptcy Rule 8022 when it replaced Bankruptcy Rule 8015. *See* Fed. R. Bankr. P. 8022 advisory committee's note to 2014 amendment. Appellate Rule 40, however, does not provide a standard for this Court's review. As other courts have done, this Court will review Vainshtein's motion, construed as a motion under Bankruptcy Rule 8022, pursuant to the Rule 59(e) standard.

Reconsideration of a judgment under Rule 59(e) "is an extraordinary remedy, to be used sparingly, available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (citation modified).

**III. Motion for Reconsideration**

Vainshtein insists that the Court's December 5 Order contains a clear error of law. Vainshtein is correct. The Court erred when it dismissed Vainshtein's July 24 appeal of the bankruptcy court's July 18 order as untimely. An appeal in a bankruptcy case must be filed within 14 days of when "the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1)(B). For purposes of appeal, "[o]rders in bankruptcy cases qualify as final when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citation modified). The July 18 order was a final, appealable order because it resolved Vainshtein's motion for reconsideration of the bankruptcy court's June 17 order denying Vainshtein's motion to reconsider the February 25 grant of summary judgment. The July 18 order was appealable, and Vainshtein filed a notice of appeal within 14 days. The motion for reconsideration of the Court's December 5 Order is granted. That order is vacated. Vainshtein's appeal is reinstated. The Court will consider the merits of Vainshtein's appeal.

**IV. Appeal of July 18, 2025 Order**

Vainshtein appeals the bankruptcy court's denial of her July 15 motion, which Vainshtein filed pursuant to Rule 59(e) and Rule 60(b).

When a party appeals the denial of a timely Rule 59(e) motion, the order denying the Rule 59(e) motion "merges with the prior ruling of the judgment so as to constitute a single judgment," and "on appeal, the court reviews that one judgment and addresses any attack on the Rule 59(e) ruling as part of its review of the underlying decision." *Daulatzai v. Maryland*, 97 F.4th 166, 178 (4th Cir. 2024) (citation modified). When this Court reviews a bankruptcy court's decision granting or denying summary judgment, it "review[s] findings of fact for clear error and

conclusions of law *de novo.*" *In re Parker*, 141 F.4th 583, 586–87 (4th Cir. 2025) (citation modified). And this Court reviews the bankruptcy court's "decision on a motion to alter or amend the judgment under Rule 59(e) for abuse of discretion." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

In contrast, "an appeal from the denial of a Rule 60(b) motion does not preserve for appellate review the underlying judgment" because the motion "grants relief from" the judgment instead of "merg[ing] into the judgment." *Daulatzai*, 97 F.4th at 178 (citation modified); *see Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 190 (4th Cir. 2023) ("[A]n appeal of a district court's denial of Rule 60(b) relief does not bring up the underlying judgment for review." (citation modified)); *United States v. Holland*, 214 F.3d 523, 525 n.4 (4th Cir. 2000) ("Because a Rule 60(b) motion for reconsideration and the original order are considered separate final orders, the appeal of one does not incorporate the other by default."). Thus, "[i]n ruling on an appeal from a denial of a Rule 60(b) motion this Court may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citing *Browder v. Director, Ill. Dep't of Corrs.*, 434 U.S. 257, 263 n.7 (1978)); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (quoting *In re Burnley*, 988 F.2d at 3).

This Court reviews the bankruptcy court's rulings on Rule 60(b) motions for abuse of discretion. *See United States ex rel. Kyer v. Thomas Health Sys., Inc.*, 178 F.4th 119, 138 (4th Cir. 2026) (discussing abuse of discretion standard for Fourth Circuit review of district court order); *see also Singh v. Reliable Roadside Servs., Inc.*, No. ELH-25-1858, 2026 WL 980556, at *5 (D. Md. Apr. 13, 2026) (noting "the standard of review of a bankruptcy appeal in district court is the same standard used when an appellate court reviews a district court proceeding" (citing 28 U.S.C.

§ 158(c)(2))). Thus, when reviewing the bankruptcy court's denial of the Rule 60(b) motion, the Court considers whether the court "properly applied the Rule 60(b) criteria, not whether the initial order was correct." *S.E.C. v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir. 2002). Under Rule 60(b), the six grounds for relief from a final judgment are

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; [and] (6) any other reason that justifies relief.

Vainshtein raises five issues in her appellate brief:

> [1] Whether the Bankruptcy Court violated [Vainshtein's] due process rights and abused its discretion by: (1) treating counsel's abandonment as mere negligence; (2) dismissing unresolved discovery issues as a "red herring" despite record evidence to the contrary; (3) misapplying precedent by imputing counsel's misconduct to [Vainshtein] even though representation was court-compelled rather than voluntary; and (4) mischaracterizing [Vainshtein] as "careless," thereby creating prejudice and depriving her of a fair and impartial opportunity to be heard.
> . . .
> [2] Whether the Bankruptcy Court abused its discretion by granting summary judgment and declaring [Vainshtein's] discovery motions "moot" while more than twenty categories of essential discovery remained.
> . . .
> [3] Whether the Bankruptcy Court erred in granting summary judgment to [Olszewski] where multiple [disputes of] material facts remained.
> . . .
> [4] Whether the Bankruptcy Court committed reversible error by treating [Vainshtein's] fraud-in-the-inducement theory as a "new argument" and/or by treating the Florida Settlement Agreement as a bar, where the Complaint and record preserved that fraud theory and nondischargeability under 11 U.S.C. § 523(a)(2) cannot be contracted away.
> . . .
> [5] Whether the cumulative effects of counsel abandonment, unresolved discovery, premature summary judgment, and the Bankruptcy Court's mischaracterization of [Vainshtein's] fraud theory deprived [Vainshtein] of her constitutional right to due process and a fair adjudication of the merits.

ECF 21, at 7–11.

The bankruptcy court did not abuse its discretion in denying Vainshtein's Rule 59(e) motion because the motion was untimely. In bankruptcy court, a party must file any Rule 59(e) motion within 14 days of the judgment. Fed. R. Bankr. P. 9023(b). After those 14 days elapse, a party cannot file a Rule 59(e) motion unless "there is a new judgment—an alteration independently sufficient to restart the time for appeal[.]" *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986).

Here, judgment was entered on February 25, 2025. Days later, Vainshtein moved for reconsideration of the judgment. The bankruptcy court denied her motion for reconsideration on June 17. ECF 5-77. The June 17 "Order Denying Motion to Reconsider" stated in full:

> On May 12, 2025, this adversary proceeding came before the Court for a hearing on the Motion to Reconsider Courts Entry of Summary Judgment Entered February 24, 2025, and Request for New Hearing Date [Dkt. No. 61] ("Motion to Reconsider"), filed by Plaintiff, Natalia Vainshtein; and the Opposition [Dkt. No. 62], filed by Defendant, Stephanie Ann Olszewski. Following the hearing, the Court took the matter under advisement. On June 16, 2025, the Court issued its oral ruling on the record. For the reasons stated on the record in the Court's oral ruling, it is, by the United States Bankruptcy Court for the District of Maryland,
>
> ORDERED, that the Motion to Reconsider is DENIED.

*Id.* (bracketed bankruptcy court docket numbers in original). The June 17 order was not, as Vainshtein insists, a new judgment; the bankruptcy court's February 25 grant of summary judgment remained in effect. *See Charles*, 799 F.2d at 347 ("[W]hen the judge denies a request to alter the judgment, . . . the original judgment remains in effect."). Because the June 17 order was not a new judgment, the order did not restart the 14-day clock for filing a Rule 59(e) motion. That period elapsed 14 days after the bankruptcy court issued its February 25 judgment. *See id.* at 347–48; Fed. R. Bankr. P. 9023(b). Thus, the Rule 59(e) motion for reconsideration that Vainshtein filed on July 15 was untimely and properly denied. Moreover, because the Rule 59(e) motion was untimely, it did not suspend the finality of the underlying judgment. *See Daulatzai*, 97 F.4th at 178

(noting "a *timely* Rule 59(e) motion suspends the finality of the judgment"). This Court cannot review the underlying judgment on appeal.

Moreover, even if the June 17 order were a new judgment—it was not—and even if Vainshtein's motion for reconsideration of that order was a properly filed Rule 59(e) motion—it was not—Vainshtein has not identified any clear error of law, previously unavailable evidence, or change in controlling law that would be grounds for reconsideration of the June 17 order. Under these circumstances, the bankruptcy court did not abuse its discretion when it denied Vainshtein's Rule 59(e) motion.

Nor did the bankruptcy court abuse its discretion when it denied Vainshtein's Rule 60(b) motion. All the issues Vainshtein raised could have been—and, in some instances, were—raised earlier in the proceedings, and some had been decided by the bankruptcy court. Therefore, the issues were not proper grounds for reconsideration under Rule 60(b). *See MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91, 112 (4th Cir.) ("Rule 60(b) does not authorize reconsideration of legal issues already addressed in an earlier ruling." (citation modified)), *cert. denied*, 146 S. Ct. 821 (2025); *Rowland v. Matevousian*, 121 F.4th 1237, 1246 (10th Cir. 2024) ("A Rule 60(b) motion is not meant to advance arguments that could have been raised in prior briefing." (citation modified)); *United States v. LaDeau*, 734 F.3d 561, 572 (6th Cir. 2013) ("[A] motion to reconsider [under Rule 59(e) or 60(b)] generally is not a vehicle to reargue a case; it may not be used to raise arguments that could have been raised on initial consideration."); *Westport Ins. Corp. v. Albert*, 208 F. App'x 222, 227 (4th Cir. 2006) ("A court should not grant reconsideration [under Rule 59(e) or 60(b)] when the movant attempts 'to raise arguments which could have been raised prior to the issuance of the judgment' or 'to argue a case under a novel

legal theory that the party had the ability to raise in the first instance'" (quoting *Pac. Ins. Co.*, 148 F.3d at 403 (discussing Rule 59(e))).

Moreover, as the bankruptcy court noted, Vainshtein did not "raise discovery issues until more than three months [after the discovery deadline] and over a month and a half after the hearing on the Motion for Summary Judgment," and "[a]llowing [Vainshtein] to reopen discovery at th[at] late stage, would disrupt the Court's calendar, waste judicial resources, and, most importantly, prejudice [Olszewski]." ECF 1-1, at 7. The bankruptcy court did not abuse its discretion in refusing to grant relief from the judgment on these grounds.

The bankruptcy court did not abuse its discretion when it concluded that Vainshtein did not establish any basis for relief under Rule 60(b).

The bankruptcy court's July 18 order is affirmed.

**V. No Appeal of Underlying Judgment**

From Vainshtein's filings, it appears that what she really wants is for this Court to review the grant of summary judgment against her. For instance, Vainshtein claims in Issue 2 of her issues on appeal that "[t]he Bankruptcy Court erred by granting summary judgment"; in Issue 3 that "[s]ummary judgment was improper"; and in Issue 5 that "procedural and substantive errors" resulted in "a judgment entered without full consideration of the facts, the law, or Appellant's right to be heard," such that "[r]eversal and remand are warranted," ECF 21, at 21, 22, 23. As relief, Vainshtein asks the Court, among other things, to "[r]everse the Bankruptcy Court's June 17, 2025 Order granting summary judgment" and, "[o]n remand, [to] reinstate Plaintiff's Second Motion to Compel, require completion of full discovery, and permit supplementation of the record and renewed briefing before any renewed dispositive ruling." *Id.* at 64. Given this language—and similar language throughout Vainshtein's filings on appeal—the Court interpreted her appeal as

an appeal of the order granting summary judgment. While the Court has admitted its error in that regard and has granted reconsideration of the order dismissing her appeal as untimely, the Court, once again, advises Vainshtein that she missed the window to appeal the underlying judgment itself.

In its December 5 order, the Court explained why Vainshtein missed the window to appeal the underlying judgment. ECF 31. To summarize, Vainshtein filed her February 28 motion for reconsideration of the bankruptcy court's February 25 order granting summary judgment within 14 days of the date of the judgment. When the bankruptcy court denied the motion on June 17, Vainshtein had 14 days from that order to file a notice of appeal of the underlying judgment. *See* Fed. R. Bankr. P. 8002(a)(1), (b)(1). Vainshtein did not file a notice of appeal within 14 days of the June 17 order, and she thus missed the opportunity to appeal the underlying judgment. And, for the reasons explained earlier, her July 15 motion—styled, in part, as a Rule 59(e) motion—was not a timely Rule 59(e) motion, and the bankruptcy court's July 18 order denying her motion for reconsideration did not merge with the February 25 judgment. Vainshtein cannot, in this appeal, challenge the underlying judgment.

**VI. Conclusion**

Vainshtein's motion to alter or amend this Court's December 5, 2025 Order, ECF 32, is granted. The December 5, 2025 Order is vacated. Vainshtein's appeal is reinstated. Her motion to exceed the Bankruptcy Rules' word limit for her motion for reconsideration, ECF 35, is granted. The bankruptcy court's July 18, 2025 Order is affirmed. If Vainshtein believes this Court has erred, she may file a notice of appeal with the United States Court of Appeals for the Fourth Circuit.

A separate order shall issue.

September 30, 2026
Date

Deborah L. Boardman
United States District Judge